UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENERAL RETIREMENT SYSTEM
OF THE CITY OF DETROIT, and
POLICE AND FIRE RETIREMENT
SYSTEM OF THE CITY OF DETROIT,

                Plaintiffs,

                                     Case No. 10-CV-13920
vs.                              HON. GEORGE CARAM STEEH

UBS, AG, UBS SECURITIES, LLC,
and UBS INVESTMENT BANK

                Defendants.

_____/

ORDER DENYING PLAINTIFFS' MOTION
FOR PARTIAL RECONSIDERATION [DOC. 38]

      The court previously dismissed plaintiffs' claim under the Michigan Public Employee Retirement System Investment Act (MPERSIA), as well as its claim of breach of fiduciary duty.  Plaintiffs moved for reconsideration of that portion of the court's order dated June 30, 2011.  The court has considered plaintiffs' motion and defendants' response, which was filed with permission of the court.  For the reasons stated below, plaintiffs' motion for partial reconsideration is DENIED.

      Plaintiffs argue that while New York law may apply pursuant to the Agreements' choice-of-law provision, Michigan has a public policy interest in the application of its statutory law, which provides that fiduciary duties be imposed upon those who control assets of public pension funds.  Plaintiffs cite to the case of Branyan v. Alpena Flying Service, Inc., 65 Mich. App. 1, 8 (1975), which involved a wrongful death action brought in a Michigan court by Michigan plaintiffs against a Michigan defendant, regarding an accident

that occurred in Virginia.  The issue was whether the limitation on the amount of plaintiffs' damages should be determined in accordance with Michigan law (which had no limit) or Virginia law (which did impose a limit).  One of several factors considered by the court, in determining which state's law to apply, was the public policy of the state.  "[W]hen the Legislature enacts a law within the limits of the constitution, the enactment insofar as it bears upon the matter of public policy is conclusive."  The court found this factor to weigh in favor of Michigan, the domicile of the decedents and their families, and ultimately concluded that the limitation of the amount of plaintiffs' damages should be determined in accordance with Michigan law.  Id.

Plaintiffs argue MPERSIA still provides a cause of action in this case even though New York law has been held to apply.  In Branyan, the state's public policy influenced the court's determination of which state's law to apply.  However, Branyan does not stand for the proposition that a state's public policy must be honored by applying that state's law when other factors lead the court to find in favor of enforcing the parties' choice-of-law provision.

Defendants cite to a Sixth Circuit case which held that where Michigan law applied, claims brought pursuant to an Alabama statute for fraud and misrepresentation must be dismissed.  Moses v. Bus. Card Express, Inc., 929 F.2d 1131, 1140 (6th Cir. 1991). Alabama law permitted the recovery of punitive damages for fraud and misrepresentation, while the law of Michigan did not.  Despite this difference in the states' laws, the court noted that the parties agreed that Michigan law should control any disputes.  The court concluded that upholding the parties' agreement to apply Michigan's substantive law would not violate Alabama's public interest.  Id. at 1139.

2

In conducting its choice-of-law analysis, this court carefully considered the applicability of MPERSIA. MPERSIA governs "investment fiduciaries," which are defined as an entity who (a) exercises any discretionary authority or control in the investment of a system's assets, or (b) renders investment advice for a system for a fee or other direct or indirect compensation. In this case, the decision to invest in the CLO was made by plaintiffs alone. The investment was held by a third party escrow agent "for the benefit of the defendants until the Acadia CLO was liquidated, terminated, or closed." The funds were not used to purchase any collateral, rather defendant UBS AG provided the financing to purchase collateral for the Acadia CLO. Defendants were not investment fiduciaries as conceived by MPERSIA.

Plaintiffs next argue that even if MPERSIA does not provide a private right of action, "it creates the existence of a fiduciary relationship which allows the funds to bring at least a common law claim for breach of fiduciary duty." The court dismissed plaintiffs' common law claim for breach of fiduciary duty in its previous order. Plaintiffs have merely presented the same issues ruled upon by the court, and have failed to demonstrate a palpable defect by which the court has been misled in this regard. L.R. 7.1(h)(3).

For the reasons stated above, plaintiffs' motion for partial reconsideration is DENIED.

So ordered.

Dated:  February 13, 2012

<u>S/George Caram Steeh</u>
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

3

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 13, 2012, by electronic and/or ordinary mail.

S/Marcia Beauchemin
Deputy Clerk