UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENERAL RETIREMENT SYSTEM
OF THE CITY OF DETROIT, and
POLICE AND FIRE RETIREMENT
SYSTEM OF THE CITY OF DETROIT,

    Plaintiffs,

vs.

    Case No. 10-CV-13920
    HON. GEORGE CARAM STEEH

UBS, AG, UBS SECURITIES, LLC,
and UBS INVESTMENT BANK

    Defendants.
_____/

OPINION AND ORDER GRANTING DEFENDANT UBS
AG'S MOTION FOR PARTIAL RECONSIDERATION [DOC. 55]

In its opinion and order dated April 16, 2012, this court granted defendants' motion to dismiss several of plaintiffs' claims in the amended complaint, but denied defendants' motion to dismiss as to plaintiffs' claim for unjust enrichment against defendant UBS AG. (Doc. 54, referred to as Second Dismissal Order). UBS AG moves for reconsideration of that portion of the court's order relating to plaintiffs' claim for unjust enrichment. The court has considered defendant's motion, as well as plaintiffs' response and defendant's reply, which were filed with permission of the court. For the reasons stated below, plaintiffs' motion for partial reconsideration is GRANTED.

Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.

-1-

> The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

UBS AG points out that the court made an erroneous finding of fact, the correction of which will result in a different disposition of the case. Specifically, the court failed to recognize the Risk Sharing Agreement that was entered into by UBS AG and plaintiffs. Opinion at p. 20 (Doc. 54, p. 19-20). In its first order granting in part and denying in part defendants' motion to dismiss, entered June 30, 2011, the court dismissed plaintiffs' unjust enrichment claim against UBS Securities because the claim was covered by the Letter Agreements and the Engagement Agreement. At that time the court did not dismiss plaintiffs' claim for unjust enrichment against UBS AG because they were not a party to the Letter Agreements or the Engagement Agreement. In its discussion, there is no mention of the Risk Sharing Agreement. (Doc. 36, p. 9, 21)

The Risk Sharing Agreement was entered into by plaintiffs and UBS AG on January 12, 2007. The Risk Sharing Agreement established the arrangement whereby plaintiffs committed $20 million each for the first-loss risk position for the Acadia CLO warehouse, and spelled out the rights and obligations of plaintiffs and UBS AG in connection with that first-loss risk position, including how the first-loss risk deposit was to be distributed in the event of liquidation or a failure to close.

Section 2.2 of the Risk Sharing Agreement, titled "Payments in Connection with Failure to Close", gave UBS AG the right to receive "any amounts [] owing to UBS pursuant to Section 4(c) of the Warehouse Agreement." (RSA p. 3). This meant that UBS AG could

direct the escrow agent to pay it up to the balance of the escrowed funds if the CLO failed to close.

Plaintiffs' unjust enrichment claim against UBS AG focuses on UBS AG's use of the first-loss risk deposit as a result of the liquidation of the warehouse. According to the amended complaint, UBS AG induced plaintiffs to make first-loss escrow deposits for the Acadia CLO, then liquidated the CLO in bad faith and used the plaintiffs' deposits to cover their losses.

New York law holds that when a defendant is a party to a "valid and enforceable written contract governing a particular subject matter," a plaintiff cannot state a claim for unjust enrichment "for events arising out for the same subject matter". Goldman v. Metro. Life Ins. Co., 841 N.E.2d 742, 746 (N.Y. 2005). New York law further holds that it is not "unjust" for a party to exercise its contractual rights. Shilkoff, Inc. V. 885 Third Ave. Corp., 750 N.Y.S.2d 53, 54 (App. Div. 2002).

It is important to note that plaintiffs did not bring a breach of contract claim against UBS AG for breach of the Risk Sharing Agreement. In fact, the only place the Risk Sharing Agreement appears in the amended complaint is in paragraph 57 under Common Allegations:

> 57. The promise of financing from UBS, coupled with the promise that the Plaintiffs would hold an equity interest in the purportedly high-return and low-risk investments, induced Plaintiffs to enter into a Risk Sharing Agreement with the Defendants. The Agreement established an Escrow Account ("Escrow"), and identified the terms governing the Escrow. The Escrow held the $40 million deposit by the Plaintiffs, and was referred to as the "First Loss Deposit." The Escrow Agent was instructed to maintain the deposit in trust for the benefit of the Defendants until the Acadia CLO was liquidated, terminated, or closed. The Defendants were aware that the only way the Plaintiffs could earn a return on their investments would be if the transaction closed. Thus, if UBS failed or refused to close the transaction, and liquidated

the collateral, Plaintiffs would lose their $40 million investment. Consequently, Defendants had tremendous leverage and control over the Plaintiffs' investment.

Plaintiffs argue that the Risk Sharing Agreement only sets forth procedures for the escrow officer upon liquidation of the escrow account. In fact, the Escrow Agreement, to which UBS AG and plaintiffs were parties, also gives directions to the escrow officer. The Escrow Agreement refers to the Risk Sharing Agreement as the document which sets forth the rights and obligations of plaintiffs and UBS AG concerning the plaintiffs' $40 million commitment: "WHEREAS each Equity Fund, in support of its contemplated obligations under the Risk-Sharing Agreement, has agreed, pursuant to the terms of this Agreement, to each deposit U.S. $20,000,000 . . . ." (Escrow agr at p. 1).

The Risk Sharing Agreement applies to the claim alleged by plaintiffs in its unjust enrichment count: that is, the commitment by plaintiffs of $40 million to the first-lost risk position and the payment of those funds to UBS AG in the event of a failure to close the CLO. The Risk Sharing Agreement is neither silent nor ambiguous about the dispute as alleged. Since plaintiffs' unjust enrichment claim seeks recovery within the subject matter of the Risk Sharing Agreement, plaintiffs may not assert their claim for unjust enrichment against UBS AG.

Plaintiffs request that if reconsideration is granted they be permitted to amend their complaint. Plaintiffs have not submitted a proposed amended claim, so the court is not in a position to consider possible futility. Plaintiffs' request to amend is DENIED.

For the reasons stated above, defendant's motion for partial reconsideration is GRANTED.

So ordered.

Dated: July 10, 2012

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 10, 2012, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk