UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENERAL RETIREMENT SYSTEM
OF THE CITY OF DETROIT, and
POLICE AND FIRE RETIREMENT
SYSTEM OF THE CITY OF DETROIT,

              Plaintiffs,

                                       Case No. 10-CV-13920
vs.                                HON. GEORGE CARAM STEEH

UBS, AG, UBS SECURITIES, LLC,
and UBS INVESTMENT BANK

              Defendants.
_____/

OPINION AND ORDER GRANTING DEFENDANTS'
MOTION TO STRIKE PLAINTIFFS' JURY DEMAND [DOC. 56]

      This matter comes before the court on defendants' motion to strike plaintiffs' jury demand.  Following the court's rulings on two motions to dismiss, all that remains of plaintiffs' amended complaint is breach of the 2007 Letter Agreements against UBS Securities (Count IV - breach of contract).[1]  The 2007 Letter Agreements between plaintiffs and UBS Securities each contain a "Waiver of Jury Trial" provision:

> EACH PARTY HEREBY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT THAT IT MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY PROCEEDING.  Each party hereby (i) certifies that no representative, agent or attorney of the other has represented, expressly or otherwise, that the other would not, in the event of a Proceeding, seek to enforce the foregoing waiver and (ii) acknowledges that it has been induced to enter into this Agreement by, among other things, the mutual waiver and certifications in this paragraph.

---

      [1]  Plaintiffs' unjust enrichment claim against defendant UBS AG was dismissed in an Order Granting Defendant UBS AG's Motion for Partial Reconsideration.

(2007 Letter Agreements, §9(c)).  The 2006 Letter Agreements contain the exact same jury waiver provision.

The 2006 Letter Agreements were executed in December 2006.  Shortly thereafter, on January 12, 2007, the Risk Sharing Agreement was entered by plaintiffs and defendant UBS AG.  The Risk Sharing Agreement included the following jury trial waiver:

> EACH OF THE PARTIES HERETO IRREVOCABLY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY.

On the same date, the Warehouse Agreement and Master Participation Agreement were entered, though plaintiffs were not parties to those agreements.  Each of those agreements contained the same jury waiver provision as the Risk Sharing Agreement.

On September 13, 2007, following several weeks of stalled negotiations between the parties to amend the Warehouse Agreement and the Risk Sharing Agreement, plaintiffs entered the Omnibus Amendment with UBS AG, Acadia CLO and Miller and Jacobs Capital, LLC.  The Omnibus Amendment contained the choice of law and jurisdiction provisions of the previous agreements, but it specifically deleted the jury waiver clause. The new amendment also contained the following conflict provision:

> In the event of any inconsistency or conflict between the provisions of this Agreement and the Warehouse Agreement, Risk Sharing Agreement, or any other agreement to which UBS and any of the Issuer, M&J and the Equity Funds is a party, this Amendment shall govern.

(Omnibus Amendment, p.9, §8).

On November 16, 2007, the plaintiffs and defendants entered into the 2007 Letter Agreements, wherein defendants represented they would market and close the Acadia

CLO.  The terms mirrored the 2006 Letter Agreements, containing the same choice of law, jurisdictional and jury waiver clauses.  One difference, however, was that the 2007 Letter Agreements referred to the Omnibus Amendment.

Plaintiffs argue that they are entitled to a jury trial pursuant to the terms of the Omnibus Amendment, which was specifically negotiated by the parties to extend the warehousing period for Acadia.  The parties chose to retain the choice of law and jurisdiction provisions, but notably decided not to include a jury waiver clause.  Importantly, the negotiations took place during a time when plaintiffs were contemplating litigation.  For sophisticated parties to delete a jury waiver clause, as opposed to using stock language from a UBS form or from previous contracts, is a strong indication that they intended to preserve their right to a trial by jury.

Defendants point out the following problems with plaintiffs' impassioned argument. First, UBS Securities, the defendant to plaintiffs' breach of contract claim, was not a party to the Omnibus Amendment, and therefore is not subject to its terms.  This point is particularly salient.  Furthermore, the Omnibus Amendment did not purport to bind the parties thereto with respect to all future contracts.  By entering the subsequent 2007 Letter Agreements, the plaintiffs not only agreed to broad jury waivers, but also agreed that: "This [2007 Letter] Agreement sets forth the entire understanding of the parties hereto relating to the subject matter hereof, and shall control in the event of any inconsistency with any prior communications, understandings and agreements between the parties." (2007 Letter Agreements, § 10).

In the Sixth Circuit, a jury waiver will be enforced unless the party objecting to the waiver demonstrates that its consent to the waiver was not knowing and voluntary.  K.M.C.

Co. v. Irving Trust Co., 757 F.2d 752, 758 (6th Cir. 1985).  The Sixth Circuit examines five factors "to determine whether a waiver of the right to a jury trial has been knowing and voluntary," including: (1) "plaintiff's experience, background, and education"; (2) "the amount of time the plaintiff had to consider whether to sign the waiver, including whether [plaintiff] had an opportunity to consult with a lawyer"; (3) "the clarity of the waiver"; (4) "consideration for the waiver"; and (5) "the totality of the circumstances."  Hergenreder v. Bickford Senior Living Grp., LLC, 656 F.3d 411, 420-21 (6th Cir. 2011).

Plaintiffs do not dispute that they are sophisticated, had ample time to consider the jury waivers, including that they were represented by counsel, and that consideration was provided for the waivers.  Plaintiffs do take issue with respect to the clarity of the waivers. Plaintiffs contend that the Omnibus Amendment, which was entered into two months before the 2007 Letter Agreements, deleted the jury waiver from future agreements between plaintiffs and defendants.  As the court has already recognized, defendant UBS Securities was not a party to the Omnibus Amendment, and the 2007 Letter Agreements purport to "set forth the entire understanding of the parties hereto relating to the subject matter hereof . . . ."  Being that the breach of contract claim asserted by plaintiffs against UBS Securities asserts a breach of defendant's obligations under the 2007 Letter Agreements, the terms of that agreement control the issue here.

With respect to the totality of the circumstances, the 2007 Letter Agreements were the result of arms-length negotiations between sophisticated parties represented by experienced counsel.  There is no reason that the jury waivers in those agreements should not be enforced.  Now, therefore,

-4-

IT IS HEREBY ORDERED that defendants' motion to strike plaintiffs' jury demand is GRANTED.


Dated:  July 10, 2012

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 10, 2012, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk